```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DOCTOR'S ASSOCIATES, INC.                      CIVIL ACTION

VERSUS                                         NO: 10-3661

VINNIE'S SMOKEHOUSE/MEAT                       SECTION: R(2)
SPECIALTY, LLC, and VINCENT
BATISTE
```

## ORDER AND REASONS

In this copyright and trade dress infringement case, plaintiff Doctor's Associates, Inc. moves for the entry of a default judgment against defendants Vinnie's Smokehouse/Meat Specialty, LLC, and Vincent Batiste.[1]  For the following reasons, the Court GRANTS IN PART plaintiff's motion.

I.  **Background**

Plaintiff is in the business of offering restaurant services through its Subway franchisees.  Plaintiff asserts that it holds a copyright in certain subway-themed wallpaper and that it holds

---

[1]   R. Doc. 7.

copyright or trademark rights in other designs, including brick-design wallpaper, a mural of vegetables, menu boards, clocks with subway-themed logos, and signs featuring the "Subway" logo. Plaintiff previously operated a location at 2601 Highway 1, Labadieville, Louisiana through a franchisee.

On October 18, 2010, plaintiff filed suit alleging that defendants have come into physical control of the building at the Labadieville address and have operated a sandwich shop while retaining many of the copyrighted and otherwise protected items listed above.[2] Plaintiff alleges that it attempted to cooperate with defendants but that defendants have been unwilling to remove these items. Plaintiff claims that defendants' actions constitute, *inter alia*, copyright and trade dress infringement. Plaintiff seeks a declaration that defendants have willfully infringed plaintiff's copyright, an injunction against further infringement, damages under the Copyright and Lanham Acts, and attorney's fees.

Summons were issued to defendants,[3] but defendants did not file an answer or any other responsive pleading, and they have made no appearance in this matter. On November 30, 2010, the

---

[2]   R. Doc. 1.

[3]   R. Doc. 4.

clerk of court entered a default against defendants.[4]  Defendants now move for entry of a default judgment.

## II.  Discussion

The two "fundamental elements" of a copyright infringement claim under the Copyright Act are: "(1) ownership of a valid copyright by the plaintiff; and (2) copying, by the defendant, of constituent elements of the plaintiff's work that are original." *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 787 n.57 (5th Cir. 1999).  To prevail on a trade dress infringement claim under the Lanham Act, a plaintiff must prove that: "(1) its trade dress is inherently distinctive or has acquired secondary meaning; (2) its trade dress is primarily nonfunctional; and (3) there is a likelihood that the defendant's trade dress will lead to customer confusion."  *Frank's Casing Crew & Rental Tools, Inc. v. David L. Sipos Vermilion River Tool & Equipment Co.*, 2005 WL 1567307, at *4 (W.D. La. 2005) (citing, *inter alia*, *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992)).

Based on plaintiff's evidence and undisputed allegations, the Court finds that defendants have infringed plaintiff's copyright under the Copyright Act, 17 U.S.C. § 504(c)(2), and

---

[4]     R. Doc. 6.

that defendants have infringed on plaintiff's trade dress in violation of the Lanham Act, 15 U.S.C. § 1125.  Thus, plaintiff is entitled to a default judgment under Fed. R. Civ. P. 55(b)(2).

Plaintiff seeks injunctive relief under 17 U.S.C. § 502 and 503 and 15 U.S.C. § 1116.  A party seeking a permanent injunction must establish "(1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest."  *VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006).  Here, plaintiff's success on the merits is established by defendant's default.  *See United States For Use of M-CO Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("A default judgment is a judgment on the merits that conclusively establishes the defendant's liability."). Moreover, irreparable injury is presumed when a copyright is infringed.  *Atlantic Recording Corp. v. Falgout*, No. 06-3784, 2007 WL 4163430, at *3 (E.D. La. Nov. 21, 2007) (citing *Atari Inc. v. N. Am. Philips Consumer Elec. Corp.*, 672 F.2d 607, 620 (7th Cir. 1982)).  Likewise, trade dress infringement poses a "unique threat of irreparable injury" because the defendant may squander plaintiff's reputation and good will.  *Moore Business Forms, Inc. v. Seidenburg*, 619 F.Supp. 1173, 1184 (W.D. La.

4

1985).  Further, the plaintiff's threatened injury outweighs any damage to the defendant because an injunction imposes no greater burden on the defendant than to comply with the law, and without an injunction, plaintiff would be vulnerable to continued infringement.  *See Motown Record Co. v. Murray*, No. 07-0123, 2007 WL 1521475, at *2 (W.D. La. May 21, 2007) (protection of plaintiff's copyright outweighed defendant's burden of compliance with law).  Finally, an injunction will not disserve the public interest, but rather will serve the purpose of copyright law, which is to protect originality and creativity.  *See Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 787 (5th Cir. 1999) ("The purpose of copyright law is to promote and protect creativity.").

Because the prerequisites for granting injunctive relief have been met, the Court finds that plaintiff is entitled to a judgment enjoining defendants from any further copying or use of plaintiff's copyrighted material or trade dress under 17 U.S.C. § 502 and 15 U.S.C. § 1116.  Additionally, under 17 U.S.C. § 503, plaintiff is entitled to a judgment ordering defendants to return any prints, copies, or other representations of plaintiff's copyrighted material in defendants' possession.

Plaintiff also seeks $150,000 in statutory damages under 17 U.S.C. § 504(c)(2).  Under that provision, when copyright

infringement is committed willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." A defendant acts willfully for purposes of this statute "if he knows his actions constitute an infringement; the actions need not have been malicious." *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988); *see also N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir. 1992) ("reckless disregard" of copyright holder's rights justifies enhanced damages even in the absence of actual knowledge). Willful copyright infringement is considered proven when the defendant has defaulted. *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03-0996, 2004 U.S. Dist. LEXIS 12760, at *8 (S.D.N.Y. July 9, 2004). Based on defendants' default and plaintiff's allegation that it attempted to cooperate with defendants in removing the proprietary items but that defendants refused to do so, the Court finds that defendants acted willfully under section 504(c)(2). *See McGee*, 490 F. Supp. 2d at 880 (finding willfulness based on defendant's default and failure to cease infringment after being contacted by plaintiff).

In determining the measure of statutory damages, the Court must consider such factors as "the expenses saved and profits reaped by the defendants in connection with the infringements,

6

the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind-whether wilful, knowing, or merely innocent," as well as the need to discourage wrongful conduct. *N.A.S. Import, Corp.*, 968 F.2d at 252 (quoting 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04[B], at 14-41 (1991)); *see also Polygram Intern. Pub., Inc. v. Nevada/TIG, Inc.*, 855 F.Supp. 1314, 1335 (D. Mass. 1994) (court must consider "(1) expenses saved and profits reaped by the defendant, (2) revenues lost by the plaintiffs, (3) the deterrent value of the award, and (4) whether the infringement was willful or innocent."); *Broadcast Music, Inc. v. Barflies, Inc.*, 67 U.S.P.Q.2d 1861, 1863 (E.D. La. 2003) (considering, *inter alia*, the amount of loss to the copyright holder and the need to deter future violations). The Court has broad discretion in awarding statutory damages. *Barflies*, 67 U.S.P.Q.2d at 1863 (citing *F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231-32 (1952)). The default does not establish the amount of damages that the Court will award. *United States For Use of M-CO Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.").

The Court finds that defendants acted willfully, but plaintiff has not provided the Court with any evidence upon which to exercise its discretion to award statutory damages. Relevant evidence could include, for example, the fees that Subway franchisees typically pay to plaintiff, and the length of time defendants infringed on plaintiff's copyright and trade dress. The Court will give plaintiff an opportunity to submit such evidence before setting the amount of statutory damages in a final judgment.

Plaintiff also asks for attorney's fees in the amount of $7,500 and costs in the amount of $483.18. Reasonable attorney's fees and costs are granted as a matter of course under 17 U.S.C. § 505, see *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 65 (5th Cir. 1992), and they may be awarded in "exceptional cases" under 15 U.S.C. § 1117(a) as well. To calculate reasonable attorney's fees, the Fifth Circuit uses the "lodestar" method, which involves multiplying the number of hours spent by a reasonable hourly rate for such work in the community. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). A court may then enhance or decrease the lodestar based on the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Plaintiff has not provided the Court with any information with which to calculate reasonable attorney's fees and costs in this matter. The Court will award attorney's fees and costs when plaintiff submits the requisite evidence. *See Chevron Intellectual Property, L.L.C. v. Allen*, No. 7:08-CV-98-O, 2009 WL 2596610 (N.D. Tex. Aug. 24, 2009) (ordering plaintiff to produce an affidavit in order to calculate reasonable attorney's fees under the Lanham Act).

**III. Conclusion**

For the foregoing reasons, the Court GRANTS IN PART plaintiff's motion for a default judgment. The Court enters judgment as follows:

(1) Defendants Vinnie's Smokehouse/Meat Specialty, LLC and Vincent Batiste are liable for willful copyright infringement in violation of the Copyright Act.

(2) Defendants Vinnie's Smokehouse/Meat Specialty, LLC and Vincent Batiste are liable for willful trade dress infringement in violation of the Lanham Act.

(3) Defendants Vinnie's Smokehouse/Meat Specialty, LLC and Vincent Batiste as well as their officers, directors, principals, agents, servants, employees, successors and assigns are hereby permanently enjoined from:

      a.    Copying, manufacturing, producing, distributing, circulating, adapting, displaying, advertising, promoting, importing, exporting, marketing, advertising, licensing, broadcasting, offering for sale, and/or selling plaintiff's copyrighted material or any derivative or substantially similar work thereof, or making unauthorized use of plaintiff's copyrighted material; and

      b.    Copying, manufacturing, producing, distributing, circulating, adapting, displaying, advertising, promoting, importing, exporting, marketing, advertising, licensing, broadcasting, offering for sale, and/or selling plaintiff's trade dress or any substantially similar work thereof, or making unauthorized use of plaintiff's trade dress.

(4) Defendants Vinnie's Smokehouse/Meat Specialty, LLC and Vincent Batiste must deliver to plaintiff any prints, copies, negatives, photo negatives, or masters or other representations of plaintiff's copyrighted material in defendants' possession, custody, or control.

The Court leaves open the issues of damages and attorney's fees, pending plaintiff's submission of relevant evidence.

Plaintiff is ordered to provide such evidence to the Court within THIRTY DAYS of the entry of this order.

New Orleans, Louisiana, this __29th__ day of March, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE