```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

DOCTOR'S ASSOCIATES, INC.                         CIVIL ACTION

VERSUS                                            NO: 10-3661

VINNIE'S SMOKEHOUSE/MEAT                          SECTION: R(2)
SPECIALTY, LLC, and VINCENT
BATISTE

## ORDER AND REASONS

In this copyright and trade dress infringement case, plaintiff Doctor's Associates, Inc. moves for an award of attorney's fees and damages under 17 U.S.C. § 504(c). The Court finds that the plaintiff is entitled to an award of statutory damages of $150,000, attorney's fees in the amount of $7,500 and costs in the amount of $438.18. Plaintiff's motion is GRANTED.

### I.   Background

Plaintiff is in the business of offering restaurant services through its Subway franchisees. Plaintiff asserts that it holds a copyright in certain subway-themed wallpaper and that it holds copyright or trademark rights in other designs, including brick-design wallpaper, a mural of vegetables, menu boards, clocks with subway-themed logos, and signs featuring the "Subway" logo. Plaintiff previously operated a location at 2601 Highway 1, Labadieville, Louisiana through a franchisee.

On October 18, 2010, plaintiff filed suit alleging that defendants have come into physical control of the building at the Labadieville address and have operated a sandwich shop while retaining many of the copyrighted and otherwise protected items listed above.[1]  Plaintiff also alleged that it attempted to cooperate with defendants but that defendants have been unwilling to remove these items.  Plaintiff claims that defendants' actions constitute, *inter alia*, copyright and trade dress infringement.  Plaintiff seeks a declaration that defendants have willfully infringed plaintiff's copyright, an injunction against further infringement, damages under the Copyright and Lanham Acts, and attorney's fees.

Summons were issued to defendants,[2] but defendants did not file an answer or any other responsive pleading, and they have made no appearance in this matter.  On November 30, 2010, the clerk of court entered a default against defendants.[3]  On March 29, 2011, the Court granted in part defendants' motion for the entry of a default judgment.[4]  The Court found defendants liable for willful copyright infringement in violation of the Copyright Act, and for trade dress infringement in violation of the Lanham

---

[1]   R. Doc. 1.

[2]   R. Doc. 4.

[3]   R. Doc. 6.

[4]   R. Doc. 15.

Act.  The Court granted an injunction prohibiting defendants from making unauthorized use of plaintiff's copyrighted material or trade dress.  The Court ordered defendants to return any copyrighted material in their control to plaintiff.  The Court left open the issue of damages and attorney's fees pending plaintiff's submission of relevant evidence.[5]  Plaintiff now moves for attorney's fees and damages.  In support of the motion, plaintiff submitted an affidavit for attorney's fees, an excerpted portion of Subway's franchise agreement, a formal demand sent to defendant by counsel for plaintiff on December 18, 2009, and a bill of costs.

**II. Discussion**

*A. Statutory Damages*

The Copyright Act provides for an award of statutory damages for infringements "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).  If the defendant commits the infringement willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).  A defendant acts willfully for the purposes of this statute "if he knows his actions constitute an infringement; the actions need not have been malicious." *Broadcast Music, Inc. v. Xanthus, Inc.*,

---

[5] *Id.*

3

855 F.2d 233, 236 (5th Cir. 1988); *see also N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir. 1992)("reckless disregard" of copyright holder's rights justifies enhanced damages even in the absence of actual knowledge). Willful copyright infringement is considered proven when the defendant has defaulted. *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03-0996, 2004 U.S. Dist. LEXIS 12760, at *8 (S.D.N.Y. July 9, 2004). Based on defendants' default and plaintiff's allegation that it attempted to cooperate with defendants in removing the proprietary items but that defendants refused to do so, the Court finds that defendants acted willfully under section 504(c)(2). *See McGee*, 490 F. Supp. 2d at 880 (finding willfulness based on defendant's default and failure to cease infringement after being contacted by plaintiff).

In determining the measure of statutory damages, the Court must consider such factors as "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind-whether wilful, knowing, or merely innocent," as well as the need to discourage wrongful conduct. *N.A.S. Import, Corp.*, 968 F.2d at 252 (quoting 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04[B], at 14-41 (1991)); *see also Polygram Intern.*

*Pub., Inc. v. Nevada/TIG, Inc.*, 855 F.Supp. 1314, 1335 (D. Mass. 1994) (court must consider "(1) expenses saved and profits reaped by the defendant, (2) revenues lost by the plaintiffs, (3) the deterrent value of the award, and (4) whether the infringement was willful or innocent."); *Broadcast Music, Inc. v. Barflies, Inc.*, 67 U.S.P.Q.2d 1861, 1863 (E.D. La. 2003) (considering, *inter alia*, the amount of loss to the copyright holder and the need to deter future violations). The Court has broad discretion in awarding statutory damages. *Barflies*, 67 U.S.P.Q.2d at 1863 (citing *F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231-32 (1952)). The default does not establish the amount of damages that the Court will award. *United States For Use of M-CO Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.").

     Plaintiff seeks $150,000 in statutory damages under 17 U.S.C. § 504(c)(2). Plaintiff's standard franchise agreement provides for liquidated damages in the amount of $250 per day. The agreement expressly states that this amount is a reasonable estimate of the damages plaintiff will suffer in the event a franchisee fails to cease using Subway's protected material once its right to do so terminates. The Court finds this to be a reasonable measure of plaintiff's daily loss. Plaintiff's

counsel sent an initial demand to defendants to stop them from continuing to use copyrighted and other protected material on December 18, 2009.  The Court uses this date as the date of the initial infringement.  It has been 572 days since the date of initial infringement, making the amount of damages $143,000. When the Court also considers defendants' willfulness and the need to discourage such wrongful conduct, it finds that an award of $150,000 in statutory damages is warranted in the circumstances of this case.

*B. Attorney's Fees*

Plaintiff requests that defendants pay their costs in the amount of $438.13 and their attorney's fees in the amount of $7,500.  Under the Copyright Act and the Lanham Act, a court may allow a prevailing party in a copyright infringement and trademark dress lawsuit to recover reasonable costs and attorney's fees. 17 U.S.C. § 505; 15 U.S.C. § 1117(a).  Although awards of attorney's fees in copyright cases are discretionary, the Fifth Circuit has stated that "they are the rule rather than the exception and should be awarded routinely." *Alameda Films SA de CV v. Authors Rights Restoration Corp., Inc.*, 331 F.3d 472, 483 (5th Cir. 2003) (quoting *McGuaghey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994).  Under the Lanham Act, attorney's fees may be awarded in "exceptional cases." 15

U.S.C. § 1117(a).  The Fifth Circuit defines an exceptional case as one where the defendant infringes plaintiff's mark maliciously, fraudulently, deliberately, or willfully. *Proctor & Gamble, Co. v. Amway Corp.*, 280 F.3d 519, 527 (5th Cir. 2002). As explained previously, the Court finds that defendants in this case acted willfully, and therefore this is an exceptional case under 15 U.S.C. § 1117(a).

The Supreme Court has identified several factors that may be relevant in the exercise of the Court's discretion to award attorney's fees to a prevailing party, including frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994).  In this case, the Court finds that considerations of compensation and deterrence counsel in favor of awarding attorney's fees and costs, and such an award is appropriate.

To calculate reasonable attorney's fees, the Fifth Circuit uses the "lodestar" method, which involves multiplying the number of hours spent by a reasonable hourly rate for such work in the community to obtain a lodestar.  *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  A court may then enhance or decrease the lodestar based on the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  These factors are: (1) the time and labor

required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* The lodestar cannot be adjusted if the *Johnson* factors were considered in determining the original lodestar amount. *Id.*

Here, plaintiff requests $7,500 in attorney's fees. Plaintiff's attorney, Neil Coig, submitted an affidavit that he expended at least 37.5 hours working on the present case. His standard hourly rate is $200 per hour. The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)(citing *City of Burlington v. Dague*, 505 U.S. 517, 562 (1992)). Neither party has requested an adjustment of the lodestar, and the Court believes that the hourly rate and the number of hours expended in preparing this case were reasonable. The Court awards plaintiff the requested attorney's fees.

8

## III. Conclusion

Because the Court finds that plaintiff is entitled to an award of statutory damages in the amount of $150,000, attorney's fees in the amount of $7,500 and costs of $438.13, plaintiff's motion is GRANTED.  Defendants shall PAY plaintiff $157,938.13.

New Orleans, Louisiana, this 13th day of July, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE